UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————

№ 97-CR-0209-1 (RER)

————————————

UNITED STATES OF AMERICA

versus

MICHAEL SPINELLI

————————————

**MEMORANDUM & ORDER**

January 14, 2025

————————————

**RAMÓN E. REYES, JR., U.S.D.J.:**

Before the Court is Michael Spinelli's ("Defendant") fourth application for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (the "Motion"). (ECF No. 292). After carefully reviewing the record, and for the reasons set forth herein, the Motion is denied.

## **BACKGROUND**

I.  Defendant's Conviction and Sentence

Defendant was a Luchese Organized Crime Family (the "Family") associate. (ECF No. 266 ("PSR") at 6).[1] In early 1992, Defendant attempted to raise his status within the Family and become a "made member" by preventing the testimony of a witness in a

---

[1] The PSR as listed here (ECF No. 266) includes the original PSR and the first three addendums, and page numbers refer to the ECF page numbers at the top of each page. The Fourth Addendum to the PSR appears at ECF No. 250 ("PSR 4th Add."), and the Fifth Addendum to the PSR appears at ECF No. 258 ("PSR 5th Add.").

criminal trial. (PSR at 6, 9). Defendant, and others, conspired to kill a sister of the witness, and she was injured, but survived. (PSR at 9–11). While in custody following an arrest for racketeering, Defendant's phone calls identified himself and others as participants in the shooting. (PSR at 11). Upon his request made during these phone calls, Defendant was inducted as a made member of the Family. (PSR at 11). Defendant pleaded guilty to racketeering charges, which were brought in relation to another attempted murder, and Defendant was sentenced on March 25, 1994, to a term of 264 months custody. (PSR at 11, 19–20).

In 1998, in relation to the 1992 shooting, a jury found Defendant guilty of all counts of a six-count indictment, convicting him of conspiracy to commit murder, assault with a dangerous weapon, use of firearms to commit a crime of violence, conspiracy to prevent witness testimony, and attempted murder. (PSR 4th Add. at 1). On June 14, 1999, Defendant was sentenced to "concurrent terms of 235 months in prison for assault and attempted murder, and concurrent terms of five years on the weapons counts, to run consecutively, for a total sentence of 295 months in prison." *United States v. Spinelli*, No. 97-CR-209, 2010 WL 231340, at *1 (E.D.N.Y. Jan. 15, 2010); (*see* PSR 4th Add. at 1; ECF No. 121).

On December 31, 2008, Defendant's convictions were affirmed on appeal, but the case was remanded for resentencing, "because the district court applied a four-level increase for permanent or life-threatening injury to the victim under U.S.S.G. § 2A2.1(b)(1) without making the necessary factual findings." *United States v. Spinelli*, 551 F.3d 159, 171 (2d Cir. 2008); (ECF No. 225). On remand, the Court confirmed Defendant's sentence, explaining that the "imposed sentence of 235 months remain[ed]

within the revised Guidelines range" following a reduction in offence level from 37 to 35 for "serious bodily injury" rather than "life-threatening injury." *United States v. Spinelli*, No. 97-CR-209, 2010 WL 231340, at *1 (E.D.N.Y. Jan. 15, 2010); (ECF No. 235).

On November 26, 2019, the Court granted Defendant's motion to vacate Count Three (Using and Carrying a Firearm During a Crime of Violence), pursuant to *United States v. Davis*, 588 U.S. 445 (2019). (*See* PSR 4th Add. at 1; ECF No. 247). While awaiting resentencing, Defendant was granted bail due to the "challenges confronting the Bureau of Prisons at MCC and MDC." (Order Dated 4/30/2020). On May 18, 2020, Defendant was resentenced to 271 months of custody, and five years of supervised release thereafter. (ECF Nos. 268, 269). Due to necessary medical procedures and related complications, Defendant was permitted to remain on bail until he surrendered to custody on August 24, 2020. (ECF Nos. 273–280).

II. <u>Prior Applications for Compassionate Release</u>

On January 13, 2023, Defendant filed his first motion for a reduced sentence, also referred to as "compassionate release," pursuant to 18 U.S.C. § 3582(c)(1)(A), stating that his age, medical condition, and rehabilitation warranted his release. (ECF No. 282 at 4, 14–18). Defendant also expressed an understanding of "the severity of the convictions [he] was sentenced." (ECF No. 282 at 20). The Honorable Raymond J. Dearie denied Defendant's motion, and declined to "decide whether" his rehabilitation, age, remorse, years in prison, health conditions, or other factors "could be sufficiently extraordinary and compelling" considering the callousness if his crimes. (ECF No. 291 at 3–4).[2] The Court explained a "reduction of what little is left of Mr. Spinelli's sentence could not possibly

---

[2] This case was subsequently reassigned to the undersigned. (*See* Order dated 2/26/2024).

3

comport with the statutory requirement[s]." (ECF No. 291 at 3). At the time, Defendant had been in federal prison for just less than 30 years and was 69 years old. (*See* ECF No. 291 at 3). He had served about 20 years of the 22-year sentence from which he now seeks compassionate release. (*Id.*)

III. The Current Application

On February 20, 2024, Defendant filed a second motion for compassionate release. (ECF No. 292 (the "Motion")).[3] Defendant again asserts that his age, medical condition, and rehabilitation warrant his release, but this time requests application of "the provision dealing with Elderly Inmates who have served 30 years and are 70 years of age or older." (Motion at 5–8, 11). Defendant also argues the sentence as served has "been adequate to promote his respect for the law, and provide just punishment for his crimes." (Motion at 10). Defendant also requested that his formerly appointed counsel be reassigned to assist with the adjudication of this Motion. (Motion at 11). Prior to making the current Motion, Defendant sought administrative relief from his institution's warden on December 6, 2023, and did not receive a response for more than 30 days. (ECF No. 292, Ex. 1 at 2–3; Motion at 11). In support of his Motion, Defendant submitted several exhibits, including: his application to the warden; medical records; a re-entry plan; certification records of numerous courses completed; a letter from his employer within the Federal Bureau of Prisons; articles and audits regarding other inmates and the prison system more generally; and a letter from defendant to Judge Dearie. (ECF No. 292, Ex. 1). Defendant's current date of home detention eligibility is April 25, 2026, and planned date of release is October 25, 2026. (*See* https://www.bop.gov/inmateloc/ (search result using

---

[3] Though Defendant titled this as his fourth motion for a reduced sentence, it was only the second made pursuant to the First Step Act, which Defendant refers to as the "NEW LAW." (ECF No. 292).

4

number 40377-053) (last visited Jan. 13, 2024); *see also* ECF No. 292, Ex. 1 at 13). A friend of Defendant also submitted a letter in his support of Defendant's character. (*See* ECF No. 294).

On March 20, 2024, the Government opposed the Motion, arguing Defendant has not shown the requisite extraordinary and compelling reasons for release, and the Section 3553(a) sentencing factors weigh against any sentence reduction. (ECF No. 296 ("Gov't's Mem.")). In support, the Government included additional medical records, Defendant's request to Eric D. Wilson, Warden, FMC Fort Worth, for compassionate release dated September 29, 2020, and the Warden's response dated October 19, 2020. (ECF No. 296, Exs. 1–3).

## **LEGAL STANDARD**

I. <u>Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i)</u>

"A court may not modify the term of imprisonment once it has been imposed except pursuant to statute." *United States v. Freeman*, No. 96-CR-527 (PKC), 2023 WL 6517466, at *3 (E.D.N.Y. Oct. 5, 2023) (quotation omitted). One such statutory exception is § 3582(c)(1)(A)(i), which "empowers a court to reduce a defendant's term of imprisonment if it finds that 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 422 (S.D.N.Y. 2020), *abrogated on other grounds by United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *accord United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020). This statute, as amended by the First Step Act, permits a district court to modify a defendant's sentence upon a showing that (1) the defendant satisfied the statutory exhaustion requirement, (2) "extraordinary and compelling reasons warrant such

5

reduction," and (3) a sentence reduction is appropriate "after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also Freeman*, 2023 WL 6517466, at *3.

When evaluating a motion for compassionate release, if a court finds that extraordinary and compelling reasons exist, it must also determine whether the Section 3553(a) factors support release. *See United States v. Schwarzkopf*, No. 21-CR-117 (EK), 2022 WL 706508, at *1 (E.D.N.Y. Mar. 9, 2022) (demonstrating existence of extraordinary and compelling reasons "renders [a defendant] eligible for, but not entitled to, a sentence reduction; the court must still consider the Section 3553(a) factors anew"); *United States v. Fernandez*, 853 F. App'x 730, 732 (2d Cir. 2021) (summary order) ("Even if 'extraordinary and compelling circumstances' exist, a district court must also consider 'the factors set forth in section 3553(a) to the extent that they are applicable' before granting a sentence reduction.") (quoting 18 U.S.C. § 3582(c)(1)(A)). "When a district court concludes that the applicable section 3553(a) factors do not support a sentence reduction, it need not determine whether the defendant has shown extraordinary and compelling reasons." *United States v. Giattino*, No. 23-6918-CR, 2024 WL 4579342, at *2 (2d Cir. Oct. 25, 2024) (affirming denial of motion for reduced sentence) (citing *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (per curiam)); *see also United States v. Davis*, No. 21-1136, 2023 WL 2639576, at *1 (2d Cir. Mar. 27, 2023). "[D]istrict courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *United States v. Cato*, No. 16-CR-326 (ARR), 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (quotation omitted). However, the statute mandates that

"rehabilitation alone is insufficient" to warrant compassionate release. *See United States v. Jones*, 17 F. 4th 371, 374 n.3 (2d Cir. 2021) (citing *United States v. Brooker*, 976 F.3d 228, 235-37 (2d Cir. 2020)).

## DISCUSSION

II. <u>The Defendant Satisfied the Statutory Exhaustion Requirement</u>

The court may consider a defendant's motion for compassionate release only after the exhaustion of "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Defendant sought administrative relief from his institution's warden on January 17, 2019, which was denied on October 19, 2020. (Def.'s Mem. at 4). The Government does not refute this assertion. (Def.'s Mem. at 5). Accordingly, Defendant has satisfied the statutory exhaustion requirements.

III. <u>Extraordinary and Compelling Reasons Exist</u>

"[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Accordingly, when a defendant directly brings a motion for compassionate release, although a district court is not bound by the Sentencing Commission's policy statement of what is considered extraordinary and compelling, it may use the policy statement as guidance. *See id.* at 237–38 (the "only statutory limit . . . is that rehabilitation alone shall not be considered an extraordinary and compelling reason"); *see also United States v. Johnson*, 671 F. Supp. 3d 265, 279 (2023) ("[c]ourts may but are no longer required to

consider the Sentencing Commission's standard"); *United States v. Thrower*, 495 F. Supp. 3d 132, 137 (E.D.N.Y. 2020) (using the Sentencing Commission's policy statements regarding medical conditions as guidance).

Here, as Judge Dearie previously noted, Defendant has exhibited rehabilitation and accepts responsibility for his crimes. (ECF No. 291 at 3). Defendant is commended for his commitment to rehabilitation, the positive mentorship of others, and his expansive completion of courses. (ECF No. 292, Ex. 1). Though the question of extraordinary circumstances was not reached before, and need not be reached now, the Second Circuit has indicated it is helpful when they are evaluated alongside the Section 3553(a) factors, "particularly in those cases where it is a close call whether extraordinary and compelling circumstances exist. *See Jones*, 17 F.4th at 374. Defendant is now over 70 years old and has been in custody for more than thirty years. (*See* PSR at 3, 10). Taking these facts into account along with Defendant's rehabilitation, extraordinary and compelling reasons do exist for compassionate release. *See United States v. Russo*, 643 F. Supp. 3d 325, 333–35 (E.D.N.Y. 2022).

IV.  Section 3553(a) Factors Do Not Warrant Sentence Reduction

Extraordinary and compelling reasons exist but they do not outweigh the consideration of Section 3553(a) factors. The Section 3553(a) factors include: the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; the need to deter criminal conduct; the need to protect the public from the defendant; the need to provide the defendant with rehabilitation; and "the need to avoid unwarranted sentencing disparities among defendants with similar

8

records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a); *see also Russo*, 643 F. Supp. 3d at 335.

Absent new facts, a prior application of the sentencing factors is controlling. *Ebbers*, 432 F. Supp. 3d at 429 ("Because a sentence is a 'final judgment,' a subsequent court may not substitute its own assessment of the section 3553(a) factors for the sentencing court's simply because it might disagree with the latter's assessment.") (citing 18 U.S.C. § 3582(b)). Rather, the court must assess whether any of the Section 3553(a) factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence." *Id.* at 431.

The Court most recently applied the Section 3553(a) factors to this case when denying Defendant's motion for compassionate release. (ECF No. 291). Judge Dearie wrote:

> [T]he reduction of what little is left of Mr. Spinelli's sentence
> could not possibly comport with the statutory requirement that
> a criminal sentence reflect the seriousness of the offense,
> promote respect for the law, and provide just punishment.

(*Id.* at 3). Although there are situations where a defendant found guilty of similar crimes may be eligible for compassionate release, perhaps where the sentence was disproportionate to other co-defendants, that is not the case here. *Compare United States v. Messina*, No. 11-CR-31 (KAM), 2024 WL 2853119, at *10–11 (E.D.N.Y. June 4, 2024) (denying compassionate release where there were no unwarranted sentencing disparities with those found guilty of similar crimes and defendant's sentence was at or below the guidelines), *with Freeman*, 2023 WL 6517466, at *4 (granting compassionate release, in part, due to "stark disparity" between a defendant's lengthy sentence and the co-

defendants' sentences). While Defendant's age has continued to progress, the facts pertinent to the evaluation of the remaining factors remain the same. (*See* ECF No. 291 at 2–3; ECF No. 292 at 7). Defendant planned and attempted the murder of a relative of a witness, resulting in her permanent injury. (PSR at 9–11). Defendant's sentence here is not above or beyond the guidelines' range. (ECF No. 269 at 3–4); see United States v. White, No. 17-CR-286 (MKB), 2022 WL 3647554, at *5 (E.D.N.Y. Aug. 24, 2022). As the Court had previously ruled, 271 months is no longer than necessary to reflect the seriousness of these offenses and serve as a warning to others engaged in criminal conduct. (ECF No. 291 at 7); see United States v. Giattino, No. 23-6918-CR, 2024 WL 4579342, at *2 (2d Cir. Oct. 25, 2024) (affirming a district court's repeated denial of compassionate release due to the "reasonable evaluation of the § 3553(a) factors."); see also Keitt, 21 F.4th at 72–73; United States v. Davis, 2023 WL 2639576, at *1 (2d Cir. Mar. 27, 2023). Therefore, the prior rulings binds my analysis of the Section 3553(a) factors and precludes compassionate release.

## **CONCLUSION**

For the reasons set forth above, the Court denies Defendant's Motion for Reduced Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Clerk of the Court is respectfully directed to mail a copy of this Memorandum and Order to Defendant and note mailing on the docket.

SO ORDERED.


/s/ Ramón E. Reyes, Jr.

RAMÓN E. REYES, JR.
United States District Judge

Dated: January 14, 2025
Brooklyn, NY